Johnson, by &c. v. Johnson.

---

CASE 91—PETITION EQUITY—SEPTEMBER 25.

## Johnson, by &c. v. Johnson.

APPEAL FROM GRAVES CIRCUIT COURT,

1. DIVORCE AND ALIMONY.—In a suit by a wife for a divorce and alimony on the ground of cruel and inhuman treatment, if she fails to establish her ground, she is not entitled to a divorce and alimony because the husband in his answer and counter-claim charges her with lewd and lascivious conduct, where he makes the charge in good faith and with apparent reason, although he fails to sustain it.

D. G. PARK FOR APPELLANT.

1. Considering the excessive intercourse during menstruation, the avowal of the husband's purpose never to live with her again, and the infidelity charged with the unsuccessful effort to prove it, there is such conduct when taken together as entitles the wife to an absolute divorce with alimony. Hutell v. Hutell, 80 Ky., 364; Butler v. Butler, 4 Littell, 206; Rogers v. Rogers, 13 Ky. Law Rept., 526; Litton v. Litton, 16 Ky. Law Rept., 533; Irwin v. Irwin, 16 Ky. Law Rept., 657; Barnes v. Barnes, 95 Cal., 171; (73 Amer. Dec., 620 and note); Herberger v. Herberger, 16 Oregon, 527; 5 Amer. & Eng. Enc. of Law, 793, 795; Melvin v. Melvin, 58 N. H. 569; 42 Amer. Rept., 605.

W. W. ROBERTSON FOR APPELLEE.

1. A wife who abandons her husband without cause is entitled to neither divorce nor alimony, and the fact that the husband charged lewd and lascivious conduct in good faith and with

apparently good reason, should not prejudice him because he failed to strictly substantiate it.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The parties to this appeal were married in the early part of June, 1894. On the 27th of July following, the appellant abandoned the appellee. On the 1st of September, 1894, this action was instituted by the appellant, Lula Johnson, asking to recover alimony, and to be divorced from bed and board. Subsequently she amended her petition and sought a divorce from the bonds of matrimony. She charges that her abandonment resulted from the cruel and inhuman treatment of her by her husband. The husband filed an answer and counterclaim, in which he alleged that she had been guilty of such lewd and lascivious conduct that indicated that she was an unchaste woman. The appellant, so far as this record shows, never expressed any desire to return to her husband, or made any effort to bring about any reconciliation. She never returned to her home or sought to resume marital relations. The record shows that the husband never asked her to return or wanted her to do so, although he, on one occasion after this suit was brought sought to ascertain her desire in the matter without expressing any wish as to what she should do. The court dismissed the wife's petition and also the husband's counterclaim. It is earnestly contended by her counsel that the record shows that she is entitled to a divorce from the bonds of matrimony, and should recover alimony. The claim is based upon the ground that it was shown in the record that she was justified in the abandonment. because of the cruel and inhuman treatment of her husband. The appellant was less

than sixteen years of age when she married, a mere child, too young to enter into such relations and needs the protection of the court, in so far as it can be done under the law.

The court has earnestly endeavored to find the facts in the record which would sustain the contention of her counsel. There is no part of the testimony in the record which establishes cruel or inhuman treatment of the wife by the husband, on the contrary numerous reputable witnesses testified to the statement made by the appellant soon after the abandonment, which indicated that the husband treated her kindly, and she left him simply because she did not want to live with him. A physician was introduced to show that she was suffering from *prolapus uteri*, and testifies that it was produced by an exciting cause. He does not pretend to give an opinion as to what was the exciting cause. In fact he only diagnosed the case from her statement as to how she was affected. This testimony was attempted to be supplemented by showing that the wife had told her mother certain facts which accounted for her affliction. This testimony is without any value. It is assumed by counsel that the cruel and inhuman treatment is established, and that, together with the charge in defendant's answer that she had been guilty of lewd and lascivious conduct, was sufficient to authorize the court to grant a divorce. A careful examination satisfies the court thoroughly that she was not guilty of such conduct. This court has said in some cases where the conduct of the husband was such that showed cruel and inhuman treatment, followed by a charge that the wife had been unchaste, would justify the court in granting a divorce and alimony. There was no proof to show that the hus-

(40)

band had been guilty of cruel and inhuman treatment; on the contrary it showed he had treated her kindly, and we think he made in good faith the charge in his answer that she was guilty of lewd and lascivious conduct. The information which he received before filing of the pleading made him feel justified in making such a charge, but we think, when the testimony is analyzed, there is nothing in it to establish the charge. A husband should be careful in and out of court in charging his wife with unfaithfulness, and should not attempt to rob her of her good name and deprive her of the association of the good people in the community where she lives, but it will not do to say that simply because, when he has made such an allegation in the pleading and fails to establish it, that, therefore, the wife is entitled to a divorce and alimony. The effect would be to furnish a ground of divorce to the wife whenever a husband failed to establish the charge, yet he may in good faith and with apparent reason have made it.

The judgment is affirmed.